THOMAS C. COFFEY

*v.*

JOSEPH B. FOSSELMAN.

1. CONTINUANCE—*will not be granted where there is want of diligence.* Where an affidavit shows that the witness whose testimony is required resides in an adjoining county, and it appears that no effort has been made to procure his testimony by deposition, or his appearance in court by subpœna, a motion for a continuance on account of the absence of such witness should be overruled.

2. PRACTICE—*judgment on appeal from the county court to the circuit court.* The circuit court, in cases of appeal or writ of error from the county court, has power to reverse, affirm, or enter final judgment and award execution.

APPEAL from the Circuit Court of Scott county; the Hon. CYRUS EPLER, Judge, presiding.

Mr. JOHN G. HENDERSON, for the appellant.

Mr. WM. L. GROSS, for the appellee.

Mr. JUSTICE CRAIG delivered the opinion of the Court:

This case comes, by appeal, from the circuit court of Scott county.

Appellant insists upon a reversal of the judgment upon two grounds : First, because the county court overruled his motion for a continuance. Second, for the reason that the circuit court entered judgment and awarded execution.

It appears. from the record, that this suit was originally commenced before a justice of the peace, and set for trial on the 31st of July, 1873, at which time appellant appeared and obtained a continuance until the 21st day of August, at which time a trial was had and judgment entered in favor of appellee. On the 6th day of September, appellant filed his bond with the justice and appealed the cause to the county court. On the 24th of September, 1873, the cause came on for trial in the county court, and appellant filed an affidavit for a continuance, which was denied, and judgment rendered for $40.20.

This affidavit for a continuance was properly overruled. The witnesses whose evidence appellant desired all lived in an adjoining county. except one, and no efforts appear to have been made to obtain their evidence by deposition, or their appearance in court by subpœna.

It is but fair to presume the justice of the peace continued the cause to give appellant an opportunity to obtain the depositions of these same witnesses, yet no effort whatever appears to have been made in that direction. After the appeal was taken, appellant had ample opportunity to subpœna the witnesses and procure their appearance in the county court before he filed an affidavit for a continuance; but no

subpœnaes were issued or served, and nothing done to obtain the evidence. This was such a total want of diligence that the county court could not do otherwise than overrule the motion for a continuance.

In regard to the second point made by appellant, we perceive no error in the judgment rendered in the circuit court. The statute declares, "Appeals and writs of error shall be allowed from the final judgments of the county court, in cases under this act, to the circuit court, to be taken and tried in the same manner as is now or may hereafter be provided by law for appeals and writs of error from the circuit to the Supreme Court."

· Under this statute, the circuit court had power to reverse, affirm, or enter final judgment and award execution. *Wiggins* v. *The City of Chicago,* 68 Ill. 372.

The judgment of the circuit court will be affirmed.

*Judgment affirmed.*